[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This was a breach of contract case tried to the court on December 1, 1994. The plaintiff proceeded on Count One of the Complaint only.
In November 1990 defendant James E. Frulla, d/b/a Newgate Hardware Company was in the business of operating a hardware store. Prior to November 4, he asked plaintiff Mark Landrigan if he would be interested in becoming General Manager of the store. Plaintiff, who was engaged in other employment at the time, told the defendant he would give the offer some thought and get back to him. When he got back to defendant, plaintiff said he would agree to the employment but that he wanted to have a written employment contract.
Plaintiff had an attorney draw up an employment agreement and brought it to defendant for his signature. Both parties agreed that plaintiff's employment would be subject to signing the agreement, and they both signed it on November 4, 1990.
The employment agreement provided as follows:
 "Newgate Hardware Company does hereby agree to employ Mark Landrigan of 41 Seminary Road, Simsbury, Connecticut beginning November 26, 1990 in the position of General Manager. Mark Landrigan agrees to serve in the employ of Newgate Hardware performing such duties as it shall assign and receive an annual salary of $22,500.00 plus overtime and such other benefits as may be offered to like employees." CT Page 12503
 "Newgate Hardware Company agrees not to terminate Mark Landrigan from this employment without just cause related to said Mark Landrigan's performance unless it provides 3 months notice of said termination. Absent such notice or just cause Newgate Hardware Company shall continue the salary of Mark Landrigan for 6 months from the termination of his employment."
The plaintiff proceeded to work for the defendant on November 26, 1990 and continued working for him for almost a year. On November 2, 1991 defendant called plaintiff into his office and told him that he was terminated for economic reasons. He handed plaintiff a pink slip which gave as the reason for termination "Economic Survival of Business."
Subsequently, after being shown the employment agreement which he had signed, and after talking with a lawyer, defendant claimed he had terminated the plaintiff for just cause related to plaintiff's performance on the job.
The court finds as a fact that the plaintiff was terminated for economic reasons, and not for just cause related to his performance on the job. Because defendant failed to give plaintiff three months notice of termination as specified in the contract, the court finds plaintiff is entitled to six months salary or $11,250.00.
At trial defendant raised two special defenses. First, he claimed that there was no consideration for the contract. The court finds the consideration to be the plaintiff's agreement to work for the defendant providing they had a written agreement which would provide him with the security set forth therein.
Second, defendant claimed that the requirement in the contract that he pay six months salary was in the nature of a penalty. The court finds the contract to be enforceable and reasonable and that the defendant failed to meet his burden of showing that the sum was so exorbitant as to be in the nature of a penalty.
Accordingly, judgment may enter for the plaintiff in the amount of $11,250.00, plus costs.
Allen, State Judge Referee CT Page 12504